CASE 61.—ACTION BY THE BOARD OF COUNCILMEN OF THE CITY OF FRANKFORT AGAINST HALLIE HERNDON'S ADMINISTRATOR AND OTHERS. —April 30, 1909.

## Board of Council of Frankfort v. Hern= don's Adm'r.

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

From an order abating the action, plaintiff appeals.—Reversed.

1. Appeal and Error—Final Order—Abatement of Action.—An order reciting that the case had been heard on plaintiff's motion to have its amended petition treated as a petition, and that the action stand on such petition as an original action, and the court, being sufficiently advised, overruled the motion, and, plaintiff declining to proceed further, it was adjudged that the action be abated, was in effect a final order of dismissal, and was appealable.

Board of Council of Frankfort v. Herndon's Adm'r.

2. Taxation—Lien for Taxes—Enforcement.—In a suit to enforce a lien for taxes, a claim of lien for additional taxes for a subsequent year on the same land was properly set up by amended petition, as authorized by Civ. Code Prac. sec. 694, subsec. 3.

3. Abatement and Revival—New Cause of Action—Amended Petition.—Suit having been instituted in December, 1901, to enforce a tax lien, no further action was taken until December 5, 1904, when defendant demurred. The record was lost, and defendant died in January, 1905, after which the record was supplied in 1906, and attempts made to revive the action. In December 1906, an amended petition was filed, setting up a lien for additional taxes for 1902, on which process was issued and served on the personal representatives of the original defendant. Held, that the amended petition set up a new cause of action, and hence the abatement of the original cause of action would not abate the action pleaded by the amendment.

WILLIAM CROMWELL for appellant.

The practice of the courts, as approved by the Court of Appeals in the case of Dudley v. Price's admr., 10 B. Mon., 88, has been to consider defense to causes of action set up in amended petitions separately from the cause of action set up in the original petition.

### AUTHORITIES.

Ky. Statutes Sections 3396, 3399 and 3400; Carroll's Civil Code of Practice, Sec. 624, subsec. 3; Hord v. Chandler, 13 B. Mon. 404; Day v. Renaker, 14 Ky. Law Rep., 922; Houston v. Kidwell, 12 Ky. Law Rep. 387; Dudley v. Price's Admr', 10 B?n Monroe, 88.

JOHN W. RAY for appellee.

### POINTS DISCUSSED.

1. Where an amended petition is filed in a pending suit in equity, it cannot after the determination of the original action adversely to plaintiff, be treated as an original action, but must live and die with the suit to which it is an amendment.

2. After a judgment abating an action for failure to revive, an amendment filed cannot be ordered an original action.

3. After a judgment abating an action, for failure to revive, the court has no jurisdiction to make any other order in that case.

4. An order refusing to treat an amendment to a petition as an original action is not appealable.

5. In this case the court ordered it to abate because of failure to revive, in Jan. 1909, from which no appeal is taken, and in September, 1908, refused to order in that same case that an amended petition filed in Dec. 1906, may be held to be an original action and proceed to trial thereon, and from this last order refusing to do anything this appeal is attempted to be prosecuted. It should be dismissed.

OPINIONS OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

On December 31, 1901, the board of councilmen of the city of Frankfort instituted an action in the Franklin Circuit Court to enforce a lien of the City of Frankfort for taxes on a lot of ground owned by Miss Hallie Herndon for. the years 1897 and 1898. This action was filed just a few days before the statute of limitations would have barred the claim of the city for the year 1897. No action was taken in the case until September 5, 1904, when the defendant filed a demurrer to the petition. The record was lost, and the defendant died in January, 1905. The record was supplied under an order of the court in the year 1906. Thereafter an attempt was made to revive the action against the administrator, and after the expiration of 12 months from the appointment and qualification of the administrator an attempt was made to revive it against defendant's real representatives. On December 27, 1906, appellant filed in the clerk's office of the Franklin Circuit Court an amended petition, setting up a lien for additional taxes for the year 1902. This amended petition was filed a short time before the statute of limitations would have barred the claim. Process was issued upon the amended petition and served upon the personal and real representatives of the original defendant, Hallie Herndon, but not ten days before the first day of the January term, 1907. At this term of the court appellees moved that the action abate for the want of revivor in proper time. At the same time appellant moved that its amended petition, filed on December 27, 1906, be considered as an orignal petition. At its September term, 1908, the

court overruled appellant's motion and ordered that the action be abated. From this order this appeal is prosecuted.

The first question presented is whether or not the order appealed from is a final order. The order appealed from is as follows: "This cause having been heard upon the motion made by plaintiff that its amended petition be treated and considered as a petition, and that said action proceed on said petition as an orignal action, and the court, being sufficiently advised as to the matters of law arising thereon, overruled said motion; and, plaintiff declining to plead further, it is adjudged that the action be abated, to all of which plaintiff excepted, and prays an appeal to the Court of Appeals, which is granted." It is manifest that this order not only overrules the motion of plaintiff to have its amended petition treated and considered as a petition, but directs that the action itself be abated. The effect of the order is the same as if it directed that the amended petition be dismissed. By this order appellant was out of court. It could take no further steps in the court below so far as the present action was concerned. We therefore conclude that the order appealed from was a final order.

As to the main question, it is the contention of counsel for appellees that the abatement of the original action carried with it the abatement of every proceeding that was a part of that action. The amendment in question, however, was not made for the purpose of strengthening the original petition; in fact, it presented an entirely different cause of action. It attempted to set forth a lien for taxes for years other than those embraced in the original

cause of action. It derived no support from the original petition, nor did it add any strength to that petition. Inasmuch as the lien sought to be enforced was a lien upon the same property involved in the original action, it was entirely proper that the lien should be set up in the same action by amended petition; indeed, that is the method pointed out by the Code (subsection 3, Sec. 694, Civ. Code Prac.). Had no process been served upon decedent's administrator and her heirs, a different question would be presented. In the case before us, however, the cause of action arising upon the amended petition, taken in connection with the service of process upon the parties in interest, has in it all the elements of an original action. The effect of the amended petition being the same as if it were an original petition, we think it would be taking entirely too narrow a view of the question to hold that the amended petition should abate, along with the original action, merely because the subsequent action was instituted by way of amended, instead of original, petition. Whether or not the action represented by the amended petition should abate should depend entirely upon whether or not it was in effect a new action, and not upon the fact that the pleading by which it was instituted was denominated an amended petition. Tested by this rule, the trial court should have directed that the amended petition be treated as an original action, and erred in dismissing the amended petition along with the original action.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.