## Delia Thornton's Unknown Heirs and Devisees, et al. v. City of Dayton.

(Decided November 16, 1926.)

### Appeal from Campbell Circuit Court.

1. **Municipal Corporations.**—Party claiming ownership of property after suit by city for taxes and penalties may be made party defendant by supplemental or amended petition.

2.    Municipal Corporations—Supplemental Petition by City for Taxes
      Accruing After Filing of Original Petition in Suit Brought Before
      Taxes were Collectible Held Proper (Ky. Stats., Sections 3544a-1,
      3546; Civil Code of Practice, Section 135; and Section 694, subd. 3).
      —Where original suit by city for taxes and penalties was
      brought prior to time when taxes for current year were collectible
      by suit, under Ky. Stats., sections 3544a-1, 3546, city might file sup-
      plemental petition, setting out taxes accruing after filing of orig-
      inal petition and asking that its lien be enforced, in view of Civil
      Code of Practice, section 135, and section 694, subd. 3.

3.    Municipal Corporations—Claim of Ownership of Property in State-
      ment Filed by Defendant Held Sufficient to Sustain Judgment
      Ordering Property Sold for Taxes.—In city's suit for taxes and
      penalties, statement filed by defendant, claiming ownership
      after sale of property for taxes, which was set aside, is sufficient
      to sustain judgment ordering property sold for taxes; it being
      immaterial whether defendant owned property when assessment
      was made or that property was not reassessed in accordance with
      resolution of council, since, by statute, an assessment in name of
      person other than true owner is not invalid.

4.    Municipal Corporations.—Tender by defendant of amount of taxes
      he deemed sufficient for all years that could have been barred by
      statute of limitation is acknowledgment of liability for taxes
      preventing operation of statute.

JUDSON A. SHUEY for appellants.

OSCAR H. FORSTER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Lot 62 in J. B. Chadwick's subdivision in the city of Dayton was formerly owned by Delia Thornton. After her death the J. E. McCracken Supply Company brought suit against the city of Dayton and the unknown heirs of Delia Thornton and the property was ordered sold. Judson A. Shuey became the purchaser in the month of January, 1911. The following month the sale was confirmed, and on September 23, 1913, the master commissioner conveyed the lot to the purchaser, who did not put his deed to record until April 8, 1925. In the meantime it seems that Shuey failed to list the property and it was assessed in the name of the unknown heirs of Delia Thornton. On May 21, 1923, the city council passed a resolution directing that the city clerk change the assessment from the name of Delia Thornton to the name of Judson A. Shuey for the years 1918, 1919, 1920, 1921 and 1922, and directing the city treasurer to turn over the

tax bills as corrected to the city attorney, who was thereby authorized to bring suit for the recovery of the taxes for those years.   This resolution does not seem to have been complied with, and on October 23, 1924, the city of Dayton brought suit against the unknown heirs and devisees of Delia Thornton, deceased, to recover the taxes, penalties and interest for the years 1919 to 1923 inclusive, and to enforce its lien on the property.   The property was sold, and on exceptions by the purchaser, Shuey filed what he denominated a "statement" showing that he was the owner of the property.   At the same time he tendered the amount of taxes for which the suit was brought.   Thereupon the exceptions were sustained and the sale set aside.   The city of Dayton then filed a supplemental petition stating that Shuey claimed an interest in the property, and that since the filing of the original petition the taxes for the year 1924 had become due.   It made the original pleading a part of the supplemental petition and asked that Shuey be required to set up his interest in the property and that its lien be enforced. Shuey then tendered the amount of the taxes for the year 1924, and $3.00 in costs that had accrued against him, and asked the court to tax the cost up to the filing of the supplemental petition and dismiss the action.   The court overruled the motion and ordered the cost taxed against Shuey.   Shuey then moved to strike the supplemental petition from the files, which motion was overruled. Shuey then filed an answer in five paragraphs.   Paragraph 1 was a general denial.   In paragraph 2 he set up his ownership of the property.   In paragraph 3 he set up the resolution of the city council ordering a reassessment in his name.   In paragraph 4 he pleaded that the city clerk, assessor and treasurer knew that the property was erroneously assessed and should have been assessed in his name, but never corrected the error.   In paragraph 5 he attempted to plead the statute of limitations.   Plaintiff's demurrer to paragraph 2 was sustained, and his motion to strike paragraphs 3, 4 and 5 was also sustained. Judgment was then rendered for the taxes for the years 1919 to 1924 inclusive, together with penalties and interest, a lien adjudged on the property, and the property ordered sold.   From that judgment this appeal is prosecuted.

It is first insisted that the court erred in permitting the city to file a supplemental petition making appellant

a party and setting up the taxes for the year 1924. As appellant had filed his statement claiming that he was the owner of the property, it was entirely proper to make him a party defendant, and the fact that this was done by a supplemental petition instead of an amended petition is wholly immaterial. As the original suit was brought on October 23, 1924, and the tax for the year 1924 was not collectible by suit until November 1, 1924, Kentucky Statutes, sections 3544a-1 and 3546, Graves v. City of Georgetown, 159 Ky. 139. City of Frankfort v. Herndon's Adm'r, 133 Ky. 583, it was proper for the court to permit the city to file a supplemental petition setting up the taxes accruing after the filing of the original petition, and asking that its lien be enforced. Civil Code of Practice, sections 135 and 694, subsection 3.

The further contention is made that the court erred in sustaining the demurrer to the second paragraph of the answer and in striking from the answer paragraphs 3 and 4. The argument is that with these paragraphs out there was nothing to show that appellant was the owner of the property, and therefore no basis for the judgment. It must not be overlooked, however, that the original sale was set aside on the ground that appellant was the real owner of the property, and that this fact was manifested to the court by the "statement" which appellant himself filed, and there can be no doubt that this claim of ownership was sufficient to support the judgment. Clearly, the fact that he did own the property when the assessments were made, or that the property was not reassessed in accordance with the resolution of the council, can not be regarded as material, in view of the fact that it was appellant's duty to list the property for assessment, that the proceeding was *in rem*, and the statute declares "an assessment of any lands or improvements shall not be invalid for being made erroneously in the name of a person other than the true owner, nor shall the lien of the tax be affected thereby."

It is also insisted that the court erred in striking paragraph 5 from the answer, which presented the defense of limitation. Whether the taxes for any of the years would have been barred by limitation had it not been for the tender, we need not inquire. It is sufficient to say that appellant tendered what he estimated to be the correct amount of the taxes for all the years that could have been barred, and we are constrained to hold

that this was such an acknowledgment and recognition of liability as prevented the operation of the statute.

On the whole we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.