

49:

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-1120
Re: Fees to officers concerning violation of the 7,000 lb. law.

Your request for an opinion on the questions as are herein stated has been received by this office.

Your letter reads in part as follows:

"1. When a representative, or officer, of the Weights and Measures Department weighs and finds an overloaded truck, or other character of vehicle, is it his duty to file the complaint or is he permitted, under the law, to allow the Constable to file the complaint and receive his fee for arresting, committing and releasing when such papers are actually issued?

"2. Does the officer from this department have the right to arrest?

"3. When the officer from this department arranges with the Constable to use his car to convey him and the weighing equipment is the mileage made chargeable as part of the cost and payable to the Constable, being to cover the use of his, Constable's, car?"

When you mention a representative or officer of the Weights and Measures Department we presume that you refer to the agents or employees of the Department of Public Safety.

Article 4413 (1) creates the Department of Public Safety of the State of Texas, and Article 4413 (2) vests the control of the department in the Public Safety Commission.

Article 4413 (4) reads in part as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"(1) The Commission shall formulate plans and policies for the enforcement of the criminal laws and of the traffic and safety laws of the state, the prevention of crime, the detection and apprehension of violators of the laws, and for the education of the citizens of the state in the promotion of public safety and law observance.

"* * *"

Article 4413 (7) reads as follows:

"The director, under the direction of the Commission, shall issue commissions as law enforcement officers to all members of the Texas Rangers, to all members of the Texas Highway Patrol, and to such other officers of the department as may be employed by the said department."

Article 4413 (11) reads in part as follows:

"(1) The Texas Ranger force and its personnel, property, equipment and records, now a part of the Adjutant General's Department of the State of Texas, are hereby transferred to and placed under the jurisdiction of the Department of Public Safety, and are hereby designated as the Texas Rangers, and as such, constitute the above mentioned division of the department * * *"

Article 4413 (10) reads as follows:

"The department shall be composed of three divisions; i.e. (a) The Texas Rangers; (b) The Texas Highway Patrol; and (c) The Headquarters Division, and such other divisions as the Commission may deem necessary."

Article 4413 (12) reads in part as follows:

"The State Highway Motor Patrol of Texas and its personnel, property, equipment and records, now a part of the Highway Department of the State of Texas, are hereby transferred to and placed under jurisdiction of the Department of Public Safety and are hereby

designated as the Texas Highway Patrol, and as
such constitute the above mentioned division of
the department * * *".

Article 4413 in its subsections further provides that
the officers, non-commissioned officers and enlisted men of the
Texas Highway Patrol shall be, and they are hereby clothed with
all the power and authority which they now have and exercise
as members of the State Highway Motor Patrol of Texas, and their
duties and functions shall be the same as the duties and func-
tions they are now performing. In addition they shall be, and
they are hereby clothed with all the powers and authority which
is in the act or otherwise by law given to members of the Texas
Ranger force and that the Texas Rangers and the Texas Highway
Patrolmen shall be clothed with all the powers of peace officers,
and shall aid in the execution of the laws. They shall have
authority to make arrests, and to execute process of criminal
cases; and in civil cases when specifically directed by the
judge of a court of record; and all cases shall be governed by
the laws regulating and defining the powers and duties of sher-
iffs and in the discharge of similar duties; except they shall
have the power and shall be authorized to make arrests and to
execute all process of criminal cases in any county in the
State. All officers operating by virtue of this act shall have
the authority to make arrests, as directed by warrants, and
without a warrant under the conditions now authorized by law,
and also in all cases when the alleged offender is traveling on
a railroad, and a motor vehicle, airplane or boat. And any of
said force shall arrest any person charged with a criminal of-
fense, they shall forthwith convey said person to the county
where he so stands charged, and shall deliver him to the proper
officer, taking his receipt therefor. All necessary expense
thus incurred shall be paid by the State.

Article 827a, Section 5, of the Penal Code reads as
follows:

"No commercial motor vehicle, truck tractor,
trailer or semi-trailer shall be operated on the
public highway outside the city limits of an in-
corporated city or town with a load exceeding seven
thousand (7,000) pounds on any such vehicle or
train or combination of vehicles; and no motor ve-
hicle, commercial motor vehicle, truck tractor,
trailer or semi-trailer having a greater weight
than six hundred (600) pounds per inch width of
tire upon any wheel concentrated upon the surface
of the highway shall be operated on the public
highways outside the limits of an incorporated
city or town; provided, however, that the provisions
of this section shall not become effective until the
1st day of January, 1932."

Article 827a, Section 50, of the Penal Code, prescribes and sets forth the penalty for the violation of any of the provisions of the act.

Article 1065, Code of Criminal Procedure, provides definite fees for the sheriff or other peace officer performing the services in misdemeanor cases to be taxed against defendant on conviction for the services enumerated therein.

We quote from Texas Juris. Vol. 34, p.508, as follows:

"Statutes prescribing fees for public offices are strictly construed; and hence a right to fees may not rest in implication. Where this right is left to construction, the language of the law must be construed in favor of the government. Where a statute is capable of two constructions, one of which would give an officer compensation for his service in addition to a salary and the other not, the latter construction should be adopted. It is no concern of an officer that the legislature may have been toward other officers more liberal than toward him in the matter of compensation for services; nor does this fact justify the courts in upholding his claim for compensation for services as against a fair and reasonable interpretation of the statutes. In applying fee statutes in ascertaining the intent of the legislature and the meaning of the statutes, the usual method and rules of interpretation are applicable."

Also see the case of McCalla vs. City of Rockdale, 246 S. W. 654; Binford vs. Robison, 244 S. W. 807; Eastland County vs. Hazel, 288 S. W. 518; Madden vs. Hardy, 50 S. W. 926.

In Opinion No. O-106, written January 18, 1939, by Honorable Claude Boothman, Assistant Attorney General, addressed to Thomas A. Week, County Attorney, Liberty County, this department held that the constable is only entitled to fees for services he performs as set out in Article 1065, Code of Criminal Procedure. We quote from Opinion No. O-693, written June 8, 1939, addressed to Hon. Homer Garrison, Jr., Director, Department of Public Safety, as follows:

"A warrant of arrest is not necessary before a party can plead guilty to the offense of speeding after complaint has been filed in Justice of the Peace court and the party is in custody of the Highway Patrolman. A constable is not entitled to

a fee of $2.00 (Article 1065, Code of Criminal Procedure) for reading a warrant of arrest to a motorist for speeding when the motorist is in the custody of and under arrest by a Highway Patrolman. An officer who discharges or releases a defendant from the force and effect of a judgment restraining him is entitled to collect the fee of $1.00 for a release (Article 1065, Code of Criminal Procedure); and this is the proper charge to be taxed as costs against defendant when a plea of guilty is entered and the fine paid immediately after the defendant is notified of the amount and no commitment is made."

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that your questionsshould be answered as follows:

1. When an agent, inspector or employer of the Department of Public Safety weighs and finds an overloaded truck or other character of vehicle, it is his duty to file the complaint.

2. Yes.

3. No.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

.W:jm

APPROVED
CF.N.ON
COMMITTEE
BY _____
CHAIRMAN

APPROVED AUG 3, 1939

ATTORNEY GENERAL OF TEXAS